UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHELE MCLEOD-WISIENSKI**,<br><br>Plaintiff,<br><br>vs.<br><br>**WAYNE COUNTY SHERIFFS DEPUTY JANE DOE #, WAYNE COUNTY SHERIFFS DEPUTY JANE DOE #2, WAYNE COUNTY SHERIFFS DEPUTY JANE DOE #3, RENELLA THOMAS, LASONYA THOMAS, CLAFTON THOMAS, ADRIENE WATSON, WAYNE, COUNTY OF**,<br><br>Defendants. | 2:18-CV-11671-TGB<br><br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE** |

Plaintiff has sued individuals in the Wayne County Sheriff's Office, employees of Wayne County Jail, and Wayne County itself to recover for injuries she sustained when she fell from the top bunk in her cell in Wayne County Jail on July 20, 2015. Complaint, ECF No. 1. Plaintiff filed her initial Complaint on May 25, 2018. On July 20, 2018, she filed a second Complaint without identifying the first case as a potential

1

companion. No. 18-12291, ECF No. 1. Defendant filed a Motion to Consolidate and Dismiss the cases, which the Court granted in part by consolidating the cases on January 15, 2019. ECF No. 11. That order designated this case number, 18-11671, as the lead case and directed Plaintiff to amend her complaint and serve any defendants who had not yet been served. Plaintiff filed her amended complaint on January 17, 2019. ECF No. 13.

Defendants then filed a second Motion to Dismiss. ECF No. 15. Prior to hearing the Motion to Dismiss, the Court called a status conference with the parties to discuss the relationship between Plaintiff's prior bankruptcy court action and this case. Based on that conference, Plaintiff filed a Motion to Substitute the Bankruptcy Trustee as Plaintiff. ECF No. 24. Based on the reasoning below, the Court now **GRANTS** Plaintiff's Motion to Substitute and **DENIES as moot** Defendant's Motion to Dismiss.

I. Facts

In July 2016, Plaintiff filed for Chapter 7 bankruptcy. *In re McLeod-Wisienski*, No. 16-49703 (Bankr. E.D. Mich. Dec. 8, 2016). Defendant alleges—and Plaintiff admits—that, in her bankruptcy schedules, she

did not disclose her potential legal claim that arose on July 20, 2015, when she suffered the injuries underlying this case. The relevant schedule asks whether the individual filing for bankruptcy has any "[c]laims against third parties, whether or not [she has] filed a lawsuit or made a demand for payment." Plaintiff answered "no" to this question. ECF No. 15-2 PageID.435.

On February 27, 2019, the bankruptcy court granted Plaintiff's request to reopen the bankruptcy proceeding to report the undisclosed asset of her legal claim against Wayne County. No. 16-49703, ECF No. 32. The appointed trustee then filed a Report of Undisclosed Assets, ECF No. 36, and notified all creditors of the assets, ECF No. 38. The bankruptcy court issued an order authorizing the trustee, Michael Stevenson, to employ special counsel to pursue the Plaintiff's claim, ECF No. 44. The trustee designated counsel in this case, Romano Law, to serve as the special counsel. *Id*.

**II. Analysis**

> *a. McLeod-Wisienski has standing despite not being the real party in interest*

Defendant first contends that Article III of the Constitution prevents the Court from considering Plaintiff's motion to substitute the

3

trustee as plaintiff. This argument improperly conflates standing doctrine with real party in interest doctrine. While "[s]tanding involves a determination whether the plaintiff can show an injury in fact traceable to the conduct of the defendant," "the real party in interest principle is a means to identify the person who possesses the right sought to be enforced." *Firestone v. Galbreath*, 976 F.2d 279 (6th Cir. 1992) (internal quotation marks omitted).

In this case, Ms. McLeod-Wisienski suffered an injury in fact—falling from a bunk in jail. She alleges that this injury is traceable to Defendant's conduct. She therefore has standing to bring this action. But the question for purposes of Plaintiff's motion to substitute is whether Ms. McLeod-Wisienski is the real party in interest with the capacity to bring the claim. All parties agree that she is not—hence this motion to substitute the trustee of her bankruptcy estate as Plaintiff in the matter. Because Ms. McLeod-Wisienski has standing on her own, the Court is not precluded from considering the motion to substitute.

> b. *Fed. R. Civ. P. 17 permits substitution of the bankruptcy trustee*

Pursuant to Fed. R. Civ. P. 17(a)(3), "the court may not dismiss an action for failure to prosecute in the name of the real party in interest

4

until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Courts use the Advisory Note to Rule 17 to determine whether motions to substitute real parties in interest should be granted. *E.g. Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 532 (6th Cir. 2002). The Advisory Note speaks to the Rule's intent. Rule 17 "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Id.* (quoting Fed. R. Civ. P. 17 advisory committee's notes). Defendant's opposition to substitution arises from two points, set forth below.

First, Defendant argues that Plaintiff excessively delayed seeking substitution. Defendant argued in its first Motion to Dismiss, filed on September 27, 2018, that the trustee of Plaintiff's estate was the proper party in interest.[1] Plaintiff did not seek to substitute the trustee until June 3, 2019—nine months later—though she began the process of adding the legal claim to her estate to authorize the trustee to pursue it in February 2019. Courts in this district conduct a fact-specific inquiry to

---

[1] The Rule begins the "reasonable time" clock when a defendant objects to the plaintiff's status as the real party in interest. *See Fieldturf USA, Inc. v. Astroturf L.L.C.*, No. 10-cv-12492, 2015 WL 13047566, at *3 (E.D. Mich. Jul. 16, 2015).

5

determine whether putative substituted plaintiffs are seeking substitution within a "reasonable time" after the defendant's objection under Fed. R. Civ. P. 17. *E.g. Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 349 (E.D. Mich. 2003). This analysis includes whether the defendant will suffer prejudice from permitting substitution. *Id.*; *see also White House Servs. v. Allstate Ins. Co.*, No. 17-CV-12672, 2018 WL 6527693, at *5 (E.D. Mich. Dec. 12, 2018).

In this case, although there was some delay between Plaintiff's awareness of the defect in her pleading and her motion to substitute the trustee in her place, that delay was reasonable. Reopening the bankruptcy proceeding and adding this legal claim to Ms. McLeod-Wisienski's estate took some time. Ms. McLeod-Wisienski has now completed this process. Defendant will not suffer significant prejudice given that this case is still in an early stage of litigation. In addition, substituting the trustee as plaintiff does not change the substance of the claim. Defendant therefore has adequate notice of the violations alleged.

Second, Defendant argues that Plaintiff's mistake in bringing this action in her own name, instead of through the trustee, was not understandable. Defendant suggests that Ms. McLeod-Wisienski sought

6

to circumvent payment to her creditors by bringing this claim in her own name. But beyond the fact that Ms. McLeod-Wisienski brought this action in her own name, there is no evidence to support Defendant's assertion of malfeasance. And while some courts *have* treated failure to bring suit in the name of a bankruptcy trustee as an unreasonable mistake, others have found it to be understandable, particularly when permitting substitution would be in the interest of justice. *Compare Rodriguez v. Mustang Mfg. Co.*, No. 07-CV-13828, 2008 WL 2605471, at *4 (E.D. Mich. Jun. 27, 2008) (finding an unreasonable mistake in part because "[t]he law of the Sixth Circuit clearly demonstrates that [the] bankruptcy trustee ha[s] the exclusive right to bring the [ ] claim."), *with Barefield v. Hanover Ins. Co.*, 521 B.R. 805, 810–11 (E.D. Mich. 2014) (stating that "substitution is an acceptable remedy that courts should consider before dismissing" cases in which a bankruptcy trustee is the real party in interest).

In this case, the Court finds that justice requires approval of Plaintiff's motion to grant substitution of the bankruptcy trustee. Denying the motion would result in dismissal of this action with prejudice because the statute of limitations on Ms. McLeod-Wisienski's

7

claim has already run. Courts routinely grant motions to substitute a bankruptcy trustee "where a statute of limitations would bar the trustee from later bringing the claim if dismissed." *Barefield*, 521 B.R. at 810–11 (E.D. Mich. 2014) (collecting cases); *Sledge v. DaimlerChrysler Corp.*, No. 06-14961, 2007 WL 9752808, at *3 (E.D. Mich. May 24, 2007) ("Dismissing Plaintiff's lawsuit without granting the Trustee an opportunity to intervene as the real party in interest—particularly where the statute of limitations most likely will prevent the Trustee from later pursuing such recovery—will 'land another blow' upon Plaintiff's creditors.").

"[T]he Federal Rules of Civil Procedure 'evidence a clear preference to resolve disputes on their merits.'" *Kanuszewski v. Mich. Dep't of Health and Human Servs.*, --- F.3d ----, 2019 WL 2417390, at *3 n.4 (6th Cir. Jun. 10, 2019) (quoting *Hawkins v. Wash. Metro. Area Transit Auth.*, 311 F. Supp. 3d 94, 101 (D.D.C. 2018) (internal quotation marks omitted)). The Court thus prefers in this matter a resolution which allows the parties to reach the merits. With this preference in mind, justice requires granting Plaintiff's Motion to Substitute.

The Court will deny Ms. McLeod-Wisienski's request to remain a party to this case because she is undisputedly not the real party in interest. It would be improper for her to remain named in this lawsuit. The Court also denies Defendant's request to limit recovery to the amount Ms. McLeod-Wisienski owes to her creditors. It would be premature for the Court to cap damages at this stage. If Defendant wishes to assert the defense of judicial estoppel against Ms. McLeod-Wisienski to limit her personal recovery after any damage award, that motion would be properly brought in the bankruptcy court. *Chapple v. Fahnestock & Co.*, 1:03-cv-04989, 2007 WL 9709712, at *3 (E.D.N.Y. Jan. 8, 2007) ("Therefore, assuming a recovery by the Trustee against defendants in excess of liabilities and expenses in bankruptcy, any motion on judicial estoppel grounds or otherwise to bar plaintiff from sharing in the recovery is properly made before the Bankruptcy Court, which has the responsibility to administer the liquidated asset.").

### c. Defendant's Motion to Dismiss is moot.

Defendant's Motion to Dismiss raises two issues: (1) Ms. McLeod-Wisienski is not the real party in interest[2] because the legal claim is part of her bankruptcy estate; and (2) Plaintiff is judicially estopped from bringing this claim because the bankruptcy court accepted her assertion that she did not have any prospective legal claims. Substituting the trustee as plaintiff in this action renders the first argument moot.

The second argument is also moot. Plaintiff reopened the bankruptcy proceeding and added this legal claim as an asset to her estate. In addition, she is no longer a party to this lawsuit—her representations to the bankruptcy court do not bind the trustee.

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Substitute is **GRANTED**. Defendant's pending Motion to Dismiss is **DENIED AS MOOT**. Plaintiff is **ORDERED** to file an amended complaint naming the

---

[2] Defendants frame this argument in terms of standing, but, as set forth above, the applicable legal doctrine is real party in interest.

trustee as Plaintiff within seven days of the date of this order.

**SO ORDERED.**

DATED July 26, 2019.

                                  BY THE COURT:

                                  /s/Terrence G. Berg
                                  TERRENCE G. BERG
                                  United States District Judge