UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHELE MCLEOD-WISIENSKI, <br><br> Plaintiff, <br><br> vs. <br><br> WAYNE COUNTY SHERIFFS DEPUTY JANE DOE #1, et al., <br><br> Defendants. | 2:18-CV-11671-TGB <br><br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** |

On July 26, 2019, this Court issued an Order granting Plaintiff's Motion to Substitute the Bankruptcy Trustee as named plaintiff in this matter. ECF No. 28. Six days later, Defendants filed a Motion for Reconsideration of two aspects of the Court's Order. ECF No. 29. For the reasons set forth below, Defendants' Motion is **DENIED**.

I. **Legal Standard**

Under Local Rule 7.1, the Court may grant a motion for reconsideration if the movant satisfactorily shows: (1) the existence of a palpable defect that misled the parties and the Court; and (2) that the correction of such defect would result in a different disposition of the case.

1

E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Further, the Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

## II. Analysis

Defendants first argue that this Court bucked Sixth Circuit precedent when it found that the Constitution conferred standing upon Ms. McLeod-Wisienski such that the Court could consider her request to substitute the trustee for herself in this action. Though they cite numerous cases in their motion, Defendants' primary case law support for their argument is *Bauer v. Commerce Union Bank*, 859 F.2d 438 (6th Cir. 1988). While *Bauer* does use the word "standing" to express the idea that only the bankruptcy trustee may bring suit to vindicate a legal claim that is part of the bankruptcy estate, the *Bauer* Court goes on to affirm the lower court's *grant* of the original plaintiff's motion to substitute the trustee as the plaintiff. *See Bauer*, 859 F.2d at 442. Whatever the *Bauer* Court meant when it said "standing," it could not have meant that the original plaintiff was precluded from asking the Court to substitute in

2

the trustee as the proper party in interest.[1] The Court's conclusion that Ms. McLeod-Wisienski's motion should be granted is supported by *Bauer*, which affirms the lower court's order substituting the trustee in that case. Similarly, Defendants' rely on *Auday v. Wet Seal Retail, Inc.*, but that case also supports the Court's determination that it had jurisdiction to review Plaintiff's Rule 17 request. 698 F.3d 902, 905 (6th Cir. 2012). In *Auday*, the debtor failed to disclose an accrued workplace discrimination claim to the trustee and bankruptcy court. When the debtor then tried to bring the claim on her own, the Sixth Circuit held that the trustee, and not the debtor, "owned" the claim, and remanded to

---

[1] As the Sixth Circuit has noted, "there is a degree of confusion in drawing a line between Article III standing and the real-party-in-interest requirement. Lawyers, and courts, often fail to distinguish between these two distinct issues." *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 732 (6th Cir. 2016). An individual has Article III standing when she has suffered an injury in fact that is fairly traceable to the defendant's conduct and is redressable by judicial decision. *Id.* at 730. On the other hand, "the real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law. The real party in interest analysis turns on whether the substantive law creating the right being sued upon affords the party bringing suit a substantive right to relief." *Id.* (quoting *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 42–43 (6th Cir. 1994) (citations omitted)). Thus, it is possible—as it is in this case—for "[a] plaintiff [to] have standing in the Article III sense but not be the real party in interest." *Id.* at 732; *see Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 314 (6th Cir. 2013) (debtor who failed to disclose potential cause of action to bankruptcy court and trustee had standing, but issue of whether trustee or debtor must bring suit "is better characterized as a real-party-in-interest question governed by Rule 17"); *see also Barefield v. Hanover Ins. Co.*, 521 B.R. 805, 809 (E.D. Mich. 2014) (same).

3

the district court to decide whether to allow the debtor to substitute the trustee as the plaintiff. *Auday*, 698 F.3d at 905 (Citing Fed. R. Civ. P. 17(a)(3) and noting that "[u]nder the Civil Rules, a district court under some circumstances may join or substitute the real party in interest—here, the Trustee.").

Defendants also cite *Zurich Insurance Company v. Logitrans, Incorporated*, which does deny a motion to substitute the proper party in interest because the original party did not have constitutional Article III standing due to not suffering a concrete injury. 297 F.3d 528 (6th Cir. 2002). *Zurich* has no bankruptcy element however, and answers only the question of whether a party who has not been harmed at all by a defendant's conduct can ask to substitute the name of a plaintiff who *has* been harmed. As the Court noted in its Order, Ms. McLeod-Wisienski plausibly alleges that she was harmed by Defendants' conduct. Thus, Ms. McLeod-Wisienski *has* plausibly alleged Article III standing. This distinguishes her case from the facts of *Zurich*. The issue in this case, as opposed to the standing issue presented in *Zurich*, is whether Ms. McLeod-Wisienski is the real party in interest—not whether she has Article III standing.

Defendants do not address the numerous cases on which the Court relied, from the Sixth Circuit and the Eastern District of Michigan, in which courts approve of the practice of substituting bankruptcy trustees for original plaintiffs where the legal claim was an asset of the bankruptcy estate. If lack of "standing" did not prevent these courts from granting motions to substitute in factually similar cases, there is no reason it should in Ms. McLeod-Wisienksi's case. As the Court wrote in its Order, "Courts routinely grant motions to substitute a bankruptcy trustee 'where a statute of limitations would bar the trustee from later bringing the claim if dismissed.'" *Barefield*, 521 B.R. at 810–11 (collecting cases). Defendant has not shown that *Barefield* or the numerous cases it cites have been overturned, or even questioned, based on the original plaintiff's lack of "standing."

In sum, while the Sixth Circuit, and others, have concluded that a plaintiff such as Ms. McLeod-Wisienski cannot vindicate a legal claim that belongs to the bankruptcy estate, that has not stopped these courts from granting motions to substitute the bankruptcy trustee as the proper party in interest. Regardless of the terminology used—"standing" or "real party in interest"—the substance of the Court's order is in

conformity with Sixth Circuit precedent and decisions of sister courts in the Eastern District of Michigan that approve of granting motions to substitute in situations such as this.

Defendants' second item on which they request reconsideration requires only brief discussion. The Court declined to limit the amount that the trustee can recover to no more than the amount Ms. McLeod-Wisienski owes her creditors. Such a limitation would be premature. Defendants present no new arguments in their motion for reconsideration, asking instead that they be permitted to take this issue to the bankruptcy court for a determination of whether judicial estoppel precludes the trustee from recovering more than Ms. McLeod-Wisienski owes her creditors. As the Court said in its July 26, 2019 Order, that motion is properly brought before the bankruptcy court after any damage award has been assessed against Defendants.

The Motion for Reconsideration (ECF No. 29) is **DENIED**.

DATED December 20, 2019.

>BY THE COURT:
>
>/s/Terrence G. Berg
>TERRENCE G. BERG
>United States District Judge